NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC, | Civil Action No. 13-6560 (MLC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| MYLAN INC., et al., | |
| Defendants. | |

This matter comes before the Court upon Defendants Mylan Inc., Mylan Pharmaceuticals Inc. and Famy Care Ltd.'s (collectively, "Defendants") motion for leave to amend their invalidity contentions (Docket Entry No. 60). Plaintiff Warner Chilcott Company, LLC ("Plaintiff") opposes Defendants' motion. For the reasons stated below, Defendants' motion is DENIED.

I.      **Background and Procedural History**

The Court and the parties are very familiar with the facts underlying this matter as well as the issues presented in Defendants' motion. As such, the Court shall neither restate the facts of this case nor repeat the arguments made in support of and in opposition to Defendants' motion at length.

This is a patent infringement case involving United States Patent No. 7, 704,984 (the "'984 patent"), which covers the use of Lo Loestrin® Fe and claims a particular method of female contraception involving a 28-day oral contraceptive regimen, including 24 active tablets comprised of norethindrone acetate and ethinyl estradiol, 2 active tablets comprised of ethinyl estradiol and 2 placebo tablets comprised of ferrous fumarate. Plaintiff claims that Defendants' generic version of Lo Loestrin® Fe, for which Defendants have filed an Abbreviated New Drug

Application ("ANDA") with the FDA, and which allegedly is also composed of 24 active tablets containing norethindrone acetate and ethinyl estradiol, 2 active tablets of ethinyl estradiol and 2 placebo tablets of ferrous fumarate, infringes the '984 patent.

After this case was filed on October 30, 2013, but before Defendants filed their Answer on May 20, 2014, a decision was rendered in this District in - *Warner Chilcott Co. v. Lupin Ltd., et al.*, Civil Action No. 11-5048 (JAP) (the "Lupin matter") – involving the '984 patent. There, on January 17, 2014, the Court held that claims 1-9 of the '984 patent were not invalid for obviousness under 35 U.S.C. § 103(a)(2006). *Warner Chilcott Co. v. Lupin Ltd., et al.*, Civil Action No. 11-5048 (JAP) 6228, 2014 U.S. Dist. LEXIS D.N.J. Jan. 17, 2014)

On June 30, 2014, the Court conducted the Initial Pretrial Conference in this matter and on July 2, 2014, the Court entered a Letter Order setting the schedule that would govern this litigation. (*See* Letter Order of 7/2/2014; Docket Entry No. 37). According to that schedule, Defendants were to serve their invalidity contentions and non-infringement contentions by August 6, 2014. (*Id.* at 2). That date was later extended to August 20, 2014 (*see* Order of 8/5/2014; Docket Entry No. 39), and Defendants timely served their invalidity contentions and non-infringement contentions on said date.

On October 6, 2014, the Court entered a Letter Order amending the schedule. (Letter Order of 10/6/2014; Docket Entry No. 43). According to this schedule, Plaintiff's response to Defendants' invalidity contentions was due on October 20, 2014, fact discovery was set to close on May 15, 2015 and opening expert reports were due on May 28, 2015. (*Id.*)  In accordance with this schedule, Plaintiff served its responsive contentions on October 20, 2014.

On October 22, 2014, the United States Court of Appeals for the Federal Circuit issued its opinion in *Warner Chilcott Company, LLC v. Lupin Ltd., Lupin Pharmaceuticals, Inc.,*

*Amneal Pharmaceuticals of NY, LLC, and Amneal Pharmaceuticals, LLC*, affirming the District Court's decision in the Lupin matter, which, as noted above, held that claims 1-9 of the '984 patent were not invalid for obviousness under 35 U.S.C. § 103(a)(2006).

In December 2014, all Defendants here considered filing a petition for *inter partes* review ("IPR") alleging invalidity of the '984 patent. To assist them with said efforts and to aid them in this case, in late December 2014, Defendants hired Dr. Michael A. Thomas, M.D., a practicing obstetrician, gynecologist and reproductive endocrinologist. (*See* Decl. of Brie L.B. Buchanan ¶¶ 3, 5-6, 8; Docket Entry No. 61; Ex. C to the Decl. of Brie L.B. Buchanan, Cert. of Michael A. Thomas ¶ 2; Docket Entry No. 61-3). "As part of Dr. Thomas's research in preparing his declaration to the IPR petition, Dr. Thomas aided Defendants in performing targeted searches and making Defendants aware of the existence of additional prior art references and arguments to be used for his declaration and in support of the IPR petition." (*See* Decl. of Brie L.B. Buchanan ¶ 6).

Ultimately, Defendant Mylan Pharmaceuticals Inc. ("MPI") filed the IPR petition on February 3, 2015. The IPR petition includes 15 publications that qualify as prior art to the '984 patent that were not included in Defendants' initial invalidity contentions. These publications were primarily used by MPI to demonstrate the "general knowledge in the art" or of a personal of ordinary skill in the art ("POSITA") as well as to show the motivation to combine the primary references that invalidate the '984 patent. The IPR petition also involves prior art combinations that differ from those set forth in Defendants' initial invalidity contentions. Specifically the prior art combinations included in the IPR either rearrange the combinations, but use the same art disclosed and addressed in Defendants' initial invalidity contentions, or use alternative types of references which disclose substantially similar if not identical information as the references

3

relied on in Defendants' initial invalidity contentions in order to meet the statutory requirements applicable to the IPR petition.

On March 20, 2015, the Court held a status telephone conference in this matter. Defendants did not mention its intention to seek to amend their invalidity contentions during the conference. Yet on March 30, 2015, Defendants contacted Plaintiff seeking Plaintiff's consent to Defendants' request to file amended invalidity contentions. While Defendants initially made this request on March 30, 2015, they did not provide Plaintiff with their proposed amended invalidity contentions until April 21, 2015. (*See* Decl. of Brie L.B. Buchanan ¶ 15).

Defendants initially believed that Plaintiff would consent to the request, as the parties considered reciprocal amendments to their respective contentions and Defendants had agreed to stipulate to infringement as to Claim 6 of the '984 patent, the only claim at issue in this litigation (*see* Stipulation and Order of 3/26/2015; Docket Entry No. 54). The latter agreement saved significant resources in discovery. Ultimately, however, on April 29, 2015, Plaintiff informed Defendants that it refused to consent to Defendants' request to amend.

Immediately thereafter on May 1, 2015, Defendants, pursuant to the undersigned's preferences, submitted a letter application seeking permission to file amended invalidity contentions. Given the significance of the issue, the Court advised Defendants to file a formal motion to amend their invalidity contentions. Defendants did so on May 14, 2015 (*see* Docket Entry No. 60). Aware of the potential impact on upcoming deadlines, like expert discovery, the Court set an expedited briefing schedule on Defendants' motion. (*See* Letter Order of 5/18/2015; Docket Entry No. 63). The Court considers said motion herein.

Through their motion to amend, Defendants seek to amend their invalidity contentions to add the 15 new prior art references and 3 new obviousness combinations relied upon in their IPR

petition and to reference the petition itself. Defendants argue that their motion to amend under L.Pat.R. 3.7 should be granted because Defendants were diligent and Plaintiff will not be prejudiced by the amendment. In this regard, Defendants claim that their motion is timely because it was made before the close of fact discovery, well before Plaintiff's August 7, 2015 deadline for submitting its responsive invalidity expert reports and the trial has not yet been set.

Further Defendants argue that they made their request promptly after discovering the additional prior art, prior art combinations, and arguments, which were found after consulting with their expert, Dr. Thomas. Defendants contend that they newly discovered information was not as readily known to them as it was their expert who, because of his background as a practicing physician in the contraceptive arts, has more ready knowledge and access to the art. Defendants also note that the newly discovered information was not the subject of the previous litigation, *i.e.*, the Lupin matter, which addressed the validity of the '984 patent. Defendants claim that they should not be penalized for continuing to diligently investigate this matter, particularly since Plaintiff was aware of the new prior art references and combinations in February 2015, three months before the close of fact discovery and before expert discovery even began.

In addition, Defendants claim that the new prior art combinations and arguments rebut certain secondary considerations asserted in Plaintiff's responsive contentions. By way of just one example, Defendants contend that their proposed amendments work to disprove Plaintiff's argument in its responsive contentions that the fact that Lo Loestrin® FE demonstrates similar efficacy on the Pearl Index as Loestrin® 24, despite the fact that the latter drug has almost double the amount of estrogen as the former, shows an unexpected result that establishes a secondary consideration of non-obviousness. Similarly, Defendants argue that the new prior art

5

combinations and arguments counter the numerous statements contained in Plaintiff's responsive contentions which allege a lack of motivation to combine the prior art to arrive at the contraceptive method disclosed in the '984 patent. As a result, Defendants claim that their early and continued investigation of "their claims and defenses with the aid of Dr. Thomas and prompt effort to incorporate the results of that investigation into their contentions strongly demonstrates that Defendants have displayed the utmost diligence in this case." (Def. Reply Br. at 5).

Defendants also argue that Plaintiff will not be prejudiced by their proposed amendments to their invalidity contentions. In this regard, Defendants note that Plaintiff has been in possession of the IPR petition since February 4, 2015 and, as such, will have had over 6 months to consider the proposed supplemental prior art and rearranged prior art combinations and arguments before filing its expert report. Additionally, Defendants argue that their proposed amended invalidity contentions rely on the same invalidity theories and much of the same prior art references as set forth in their initial contentions. Indeed, Defendants claim that the new analysis contained in the proposed amended invalidity contentions is no more complicated than that set forth in their original contentions as the new prior art references merely supplement Defendants' existing arguments regarding the knowledge of a POSITA and rearrange combinations to include prior art already disclosed in their contentions. Moreover, Defendants note that on the same day Plaintiff filed its opposition to this motion, it also filed a Patent Owner's Preliminary Statement responding to and addressing each and every reference and argument set forth in MPI's IPR petition. (*Id*. at 2). As such, Defendants claim there is no prejudice.

Defendants further argue that the lack of prejudice can be demonstrated by the fact that their proposed amendments to their invalidity contentions will cause no disruption to the case

schedule. Specifically, Defendants claim that their proposed amendments will require no additional fact discovery because the only issue to be litigated remains the validity of Claim 6 of the '984 patent, which shall be addressed in expert discovery, which, at the time of their motion, had not yet started. Defendants argue that Plaintiff will have ample time to investigate Defendants' invalidity claims and defenses in expert discovery. Further, Defendants note that the parties have agreed that a *Markman* hearing is not necessary and Defendants agreed to stipulate to infringement. For all of these reasons, Defendants claim that Plaintiffs will not be prejudiced by their proposed amended invalidity contentions. Given Defendants' alleged diligence and the lack of prejudice to Plaintiff, Defendants argue that there is good cause to permit their amendments under L.Pat.R. 3.7.

Plaintiff, however, argues that Defendants' motion to amend should be denied because Defendants failed to act diligently and because Plaintiff will be prejudiced by the proposed amendments. With respect to diligence, Plaintiff notes that Defendants' motion to amend their invalidity contentions comes approximately 16 months after the District Court first upheld the validity of the '984 patent in the Lupin matter, 9 months after Defendants first served their original invalidity contentions, 6 months after Plaintiff served its responsive contentions, 6 months after the Federal Circuit affirmed the District Court's decision in the Lupin matter, and 3 months after MPI filed its IPR petition.

Plaintiff argues that Defendants' failure to move to amend in a timelier fashion demonstrates a lack of diligence. In this regard, Plaintiff contends that nothing outside of Defendants' control has changed since it first filed its invalidity contentions to justify the proposed amendments at this juncture. Plaintiff argues that Defendants, as ANDA filers, have more information than most at the outset of litigation. Further, Plaintiff claims that, here,

Defendants had the benefit of the trial in the Lupin matter and the District Court's decision upholding the validity of the '984 patent months before they filed their original invalidity contentions. Indeed, Plaintiff claims that Defendants had every incentive to do their best from the immediate outset of this litigation because of the fact that the '984 patent had already withstood judicial attack. Despite this fact, Plaintiff claims Defendants failed to act diligently.

Plaintiff argues that Defendants provide no explanation as to why they failed to uncover the public documents identified by Dr. Thomas. Plaintiff claims that here, in contract to other matters, the new prior art references do not involve non-public materials. Instead, the prior art references identified by Dr. Thomas are all public documents. Plaintiff claims that the fact that Dr. Thomas was a better researcher than Defendants does not prove that Defendants acted diligently. Indeed, Plaintiff argues that it was Defendants' responsibility to conduct a diligent, appropriately tailored search for relevant prior art from the outset. Plaintiff contends that Defendants, who are sophisticated parties who are familiar with ANDA litigation, knew that they would need an expert on validity, and the fact that they waited 4 months after filing their contentions to consult with an expert and then more than 3 months after to seek to amend establishes that they were not diligent.

In addition, Plaintiff claims that Defendants were not diligent in seeking to amend their prior art combinations. In this regard, Plaintiff takes issue with Defendants now seeking to add the '394 patent, the Sulak reference and the Loestrin 1/20 regimen to its obviousness combinations. Plaintiff notes that each of these references were in Defendants' original contentions and argues that the District Court addressed same in its decision in the Lupin Matter. As a result, Plaintiff claims that there is no diligent reason why Defendants did not include these references in their original obviousness combinations.

Similarly, Plaintiff argues that there is nothing in its responsive contentions that impacts Defendants' lack of diligence in seeking to amend sooner. Plaintiff claims that because of the trial in the Lupin matter, Defendants knew or should have known Plaintiff's position before they even served their original invalidity contentions. Further, Plaintiff argues that the District Court, in its January 17, 2014 decision in the Lupin matter, made factual findings about both the relative contraceptive efficacy of Lo Loestrin® to Loestrin® 24 as well as about the lack of motivation. As such, Plaintiff claims that its response to Defendants' invalidity contentions does not provide a basis for finding that Defendants acted diligently in seeking to amend now. Moreover, Plaintiff contends that even if there was something in its responsive contentions that triggered Defendants' decision to seek to move to amend their invalidity contentions, Defendants' request should be denied because the Local Patent Rules "do not contemplate never-ending ping-pong." (Pl. Opp. Br. at 14).

Given Defendants' alleged lack of diligence, Plaintiff argues that their motion to amend should be denied. However, to the extent the Court were also to consider prejudice, Plaintiff claims that the motion must be denied because Defendants' proposed amendments will prejudice Plaintiff. In this regard, Plaintiff claims that additional fact discovery will be necessary because Defendants are attempting to leverage their expanded proposed amended invalidity contentions into "topics" on which they seek Rule 30(b)(6) deposition testimony. Further, Plaintiff claims that the scope of the proposed amendments is prejudicial as Defendants' potential obviousness combinations would be expanded from 5 to hundreds, if not thousands. Additionally, Plaintiff claims that it will be prejudiced by having to prepare a response to Defendants' amended invalidity contentions. As a result, Plaintiff claims that Defendants' motion to amend should be denied.

## II. Analysis

### A. Standard of Review

This District's Local Patent Rules govern Defendants' motion to amend their invalidity contentions. The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D. Tex. 2007) (internal quotation marks and citation omitted). Indeed, they "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987 (FMS), 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. Nov. 5, 1998). As such, unlike proposed amendments of the pleadings, which are liberally granted pursuant to FED.R.CIV.P. 15, amendments to invalidity contentions are governed by the more conservative standard set forth in L.Pat.R. 3.7. *See Id.* (noting that "the philosophy behind amending claim charts is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction.") Thus, while L.Pat.R. 3.7 certainly "is not a straitjacket into which litigants are locked from the moment their contentions are served," the "modest degree of flexibility" that it provides to amend "at least near the outset[,]" must be viewed in the context of the Local Patent Rules' overarching goal of having the parties establish their contentions early on. *Comcast Cable Communs. Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 U.S. Dist. LEXIS, at *5 (N.D. Cal. March 2, 2007).

As just noted, Local Patent Rule 3.7 governs amendments of invalidity contentions. Pursuant to L.Pat.R. 3.7, "[a]mendment of any contentions . . . may be made only by order of the Court upon a timely application and showing of good cause." L.Pat.R. 3.7 sets forth a "[n]on-

exhaustive" list of "examples of circumstances that may, absent undue prejudice to the adverse party, support a finding of good cause[,]" one of which is "recent discovery of material prior art despite earlier diligent search[.]" L.Pat.R. 3.7(b). Under L.Pat.R. 3.7, good cause "considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted." *Acer, Inc. v. Tech. Prob. Ltd.*, Case No. 5:08-cv-00877 JF/HRL, Case No. 5:08-cv-00882 JF/HRL, Case No. 5:08-cv-05398 JF/HRL, 2010 U.S. Dist. LEXIS at *3 (N.D. Cal. Sept. 10, 2010) (citing *O2 Micro Intl'l Ltd. v. Monolithic Power Sys., Inc.* 467 F.3d 1355, 1366-68 (Fed. Cir. 2006)). Importantly, absent a showing of diligence, the Court does not reach prejudice. *See Warner Chilcott Co., LLC v. Lupin Ltd.*, Civil Action No. 11-7228 (JAP), 2013 U.S. Dist. LEXIS 116988, at *5 (D.N.J. Aug. 19, 2013) (citing *Apple v. Samsung,* Case No.: 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 83115, at *13 (N.D. Cal. Mar. 27, 2012) (collecting cases)).

The party seeking to amend its contentions bears the burden of establishing diligence. *O2 Micro.*, 467 F.3d at 1366. When a party seeks to amend based on the recent discovery of material prior art, in order to establish diligence, the party must show that it acted "promptly [in] moving to amend[.]" *O2 Micro*, 467 F.3d at 1363. This comports with L.Pat.R. 3.7's requirement that applications to amend be "timely." Further, in determining good cause and diligence, the Court may also consider other facts such as:

> (1) the reason for the delay, including whether it was within the reasonable control of the party responsible for it; (2) the importance of what is to be excluded; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings.

*Warner Chilcott*, Civil Action No. 11-7228 (JAP), 2013 U.S. Dist. LEXIS 116988, at *5-6 (citing *Oy Ajat, Ltd. v. Vatech Am., Inc.*, Civil Action No. 10-4875 (PGS), 2012 WL 1067900, at *20-21 (D.N.J. Mar. 29, 2012) (collecting cases)).

### B. Diligence

Here, the Court finds that Defendants have not carried their burden of establishing that they acted diligently in seeking to amend their invalidity contentions. As such, the Court finds that good cause does not exist to permit the amendments under L.Pat.R. 3.7. Several factors have led the Court to reach this conclusion. For example, nothing of significance outside of Defendants' control has occurred to warrant the amendment of their invalidity contentions now. This is not a situation where Plaintiff produced non-public material causing Defendants to seek to amend their contentions. Instead, all of the references Defendants seek to add were found by Dr. Thomas in the public domain.

Defendants have provided no credible explanation for why they could not have found these prior art references sooner. While the Court appreciates that Dr. Thomas, because of his background as a practicing physician in the contraceptive arts, has more ready knowledge of and access to the art, this is insufficient to establish diligence. Defendants are certainly correct that they were under no obligation to retain an expert prior to serving their invalidity contentions. However, Defendants' diligence is measured from the time within which they should have uncovered the information at issue, not from when their expert discovered same. *See Jazz Pharms., Inc. v. Roxane Labs., Inc.*, Civil Action: 10-6108 (ES), 2013 U.S. Dist. LEXIS 28374, at *7 (Feb. 28, 2013) (holding that movant must prove that it was diligent both through course of discovery and "that it was diligent in its search for relevant prior art.") Under these circumstances, where Defendants not only had the benefit of Plaintiff's ANDA at the time they

filed their invalidity contentions, but also had the benefit of the District Court's decision in the Lupin matter upholding the validity of the '984 patent for 7 months prior to serving their initial invalidity contentions, Defendants should have put their best foot forward from the outset. If for some reason Defendants did not believe that they were capable of conducting the targeted searches needed to discover the relevant prior art, they should have hired an expert to have helped them at that time; not because expert opinions need to be included in a party's invalidity contentions, but because Defendants were incapable of making a diligent search without one.

     Moreover, even if the Court were to disregard the fact that Defendants have not satisfactorily explained why they were unable to discover the public prior art references they now seek to add without Dr. Thomas's assistance, the Court would still determine that Defendants were not diligent in seeking to amend. In this regard, Dr. Thomas was hired by Defendants in late December 2014 to assist them with their preparation of the IPR petition and with this case. Despite the fact that the IPR petition, which included the prior art references and arguments Defendants now seek to add, was filed on February 3, 2015, Defendants waited until March 30, 2015, almost 2 months later, to ask Plaintiff to consent to their request to amend their invalidity contentions. No mention of Defendants' intention to seek to amend their invalidity contentions was made during the Court's March 20, 2015 telephone conference with the parties, even though that conference was held 45 days after the IPR was filed and 10 days prior to Defendants seeking Plaintiff's consent. Further, Defendants did not even provide Plaintiff with their proposed amended invalidity contentions until April, 21, 2015, 76 days after the IPR petition was filed and 22 days after they initially asked Plaintiff for consent. Defendants provide no reason for the delay in seeking Plaintiff's consent to their proposed amendment, except to say that Plaintiff had access to the IPR petition since February 4, 2015. While that fact might bear

significantly on prejudice, it does little if nothing to cure Defendants' lack of diligence. The Court would be hard pressed to find such unexplained delay acceptable in any case, but it is particularly troubling here (1) where Defendants not only had access to Plaintiff's ANDA at the time they filed their initial invalidity contentions, but also had access to the District Court's decision in the Lupin matter upholding the validity of the '984 patent for 7 months prior, and (2) where they learned of the Federal Circuit's affirmance of the Lupin decision on October 22, 2014, 2 months prior to retaining Dr. Thomas and well over 3 months before MPI filed the IPR.

Plaintiff's service of its responsive contentions on October 20, 2014 does not have any impact on the Court's decision. First, it appears that Plaintiff disclosed its position regarding both the alleged unexpected result of Lo Loestrin® FE and Loestrin® 24 having similar contraceptive efficacy, despite their differing estrogen levels, establishing a secondary consideration of non-obviousness as well as the alleged lack of motivation to combine the prior art to arrive at the contraceptive method disclosed in the '984 patent in the Lupin matter. Indeed, it appears that the District Court discussed these topics in its Opinion in that case. *See Warner Chilcott Co., LLC v. Lupin Ltd.*, 2014 U.s. Dist. LEXIS 6228 at *35-40. As a result, Defendants should have been in a position to address same earlier in this litigation. Second, even if these issues were not fully flushed out in the earlier litigation, the Local Patent Rules do not explicitly contemplate a defendant amending its invalidity contentions in response to a plaintiff's response to said defendant's original invalidity contentions. Instead, the Local Patent Rules call for a party to first file its invalidity contentions and then, 45 days later, for the party seeking to uphold the validity of the patent to file its responses. *See* L.Pat.R. 3.6(c), 3.6(i). That's where the back and forth ends. While it is true that the Local Patent Rules do contemplate amendments being made under certain circumstances (*see* L.Pat.R. 3.7), those circumstances aren't present here.

Third, and perhaps most importantly, even if the Court were persuaded that Plaintiff's responsive contentions provided some basis for Defendants' proposed amendments, as discussed above, the Court finds that Defendants failed to pursue said amendments in a timely manner.

For all of these reasons, the Court finds that Defendants have failed to carry their burden of establishing that they acted diligently in seeking to amend their invalidity contentions.

### C. Prejudice

Because the Court has determined that Defendants were not diligent in moving to amend their invalidity contentions, the Court does not reach the issue of prejudice. The Court does, however, note that given the fact that Plaintiff has already filed a Patent Owner's Preliminary Statement in the IPR petition proceedings essentially addressing the new prior art references, combinations and arguments sought to be included in Defendants' proposed amended invalidity contentions, the Court suspects that prejudice would not exist here.

### III. Conclusion

For the reasons stated above, Defendants' motion to amend their invalidity contentions is denied. An appropriate Order follows.

Dated: June 9, 2015

                s/Tonianne J. Bongiovanni
                **HONORABLE TONIANNE J. BONGIOVANNI**
                **UNITED STATES MAGISTRATE JUDGE**